# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE ) <br> COMPANY OF AMERICA, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DARLENE B. GOODWIN, JOSEPH K. ) <br> GOODWIN and M.G., a minor, ) <br>     Defendants. ) | CIVIL ACTION 16-00623-KD-B |

## ORDER

This matter is before the Court on Plaintiff's motion for the *guardian ad litem* to paid out of the death benefit and for interpleader relief (Doc. 31) and the Guardian Ad Litem[1]'s Opposition (Doc. 33). Defendants Darlene and Joseph Goodwin did not file any response.

Plaintiff filed this Interpleader Complaint to resolve competing claims among Defendants Darlene Goodwin, Joseph K. Goodwin and minor M.G., to a death benefit of approximately $16,000 due as a consequence of the death of Joseph Shane Goodwin, an insured, under group life insurance policy Nos. G-20400/G-37000 issued by Plaintiff to NEA Members Insurance Trust. Plaintiff's Complaint alleges that, on June 17, 2016 Defendant, M.G., a minor, shot his father Joseph Shane Goodwin, killing him. Defendant M.G. was charged with the murder of Joseph Shane Goodwin in the Juvenile Court of Marengo County and incarcerated in the Dallas County Juvenile Detention Facility in Selma, Alabama. Plaintiff does not dispute the Death Benefit is owed, but states it is subject to multiple liability due to Defendants' adverse claims.

Following the March 6, 2017 appointment of a *guardian ad litem* for Defendant M.G., a minor, Plaintiff deposited the amount of $16,128.54 into the Court's registry on March 24, 2017.

---

[1] Acting on behalf of M.G., the minor defendant.

(Docs. 18, 19).  On April 28, 2017, Plaintiff's interpleader action/complaint was stayed pending resolution of the criminal proceedings against minor Defendant M.G. and the parties were directed to file a status report every 60 days.  (Doc. 25).  In October 2017, the parties notified the Court that Defendant M.G.'s criminal case had been transferred from juvenile court to circuit court.  (Doc. 29).  In December 2017, the parties notified the Court that counsel for Defendant M.G. appealed the transfer, and that appeal is pending in the Alabama Court of Criminal Appeals where briefing was recently completed.  (Doc. 34).

On November 21, 2017, Plaintiff filed a motion to dismiss/discharge it from this case and for payment of the *guardian ad litem* fee to be paid out of the $16,128.54 death benefit.  (Doc. 31).  On December 6, 2017, the *guardian ad litem* responded, opposing Plaintiff's motion, and requesting that her fees be paid by Prudential as an item separate and apart from the death benefit Plaintiff already paid into the Court's registry.  (Doc. 33).

As noted *supra*, Plaintiff's interpleader action has been stayed until resolution of Defendant M.G.'s criminal case.  Accordingly, the Court construes Plaintiff's motion (Doc. 31) as an implicit request to lift the stay and reinstate this case, in order to rule on the motion. The Court finds that such a request is improper at this juncture such that Plaintiff's motion (Doc. 31) is **DENIED** at this time.  This case remains **STAYED**.

**DONE** and **ORDERED** this the **4**th day of **January 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**